```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :     CRIMINAL ACTION
                                 :
            v.                   :
                                 :
ROBERT SNYDER                    :     NO. 10-427-4
MARK WILLIAMS                    :     NO. 10-427-6
JAMES VENZIALE                   :     NO. 10-427-7
```

MEMORANDUM

Bartle, C.J.                                         July 20, 2010

      Before the court is the motion of the government for pre-trial detention of defendants Robert Snyder, Mark Williams, and James Venziale. It contends that they are flight risks and pose a danger to other persons and the community if they are released.

      Snyder, Williams, and Venziale, along with four other co-defendants, are charged in a fourteen-count indictment with, among other crimes, conspiracy to distribute over 500 grams of heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). At the time of the alleged offenses, these three defendants were Philadelphia police officers.

      On July 16, 2010, after a hearing, Magistrate Judge Lynne A. Sitarski granted pre-trial release to all three defendants, contingent on a series of conditions. Snyder, Williams, and Venziale were each required to post bail, to submit to electronic monitoring and random drug testing, and to surrender any firearms. However, they were allowed to leave

their homes and were subject to a curfew only between 5 p.m. and 10:00 a.m. Defendants were also restricted to travel within the Eastern District of Pennsylvania and forbidden to have contact with any co-defendants, potential witnesses, or individuals engaged in criminal activity.[1] The government then made a motion to stay her order pending appeal to the district court. Magistrate Judge Sitarski granted the government's motion and stayed her order. The government now asks us to overturn her order under 18 U.S.C. § 3142(e), (f). Our review is de novo. See United States v. Perry, 788 F.2d 100, 104 (3d Cir. 1986). We held a hearing to consider the government's motion.

The Bail Reform Act governs the issue of pretrial detention. 18 U.S.C. § 3142. The Act provides that "[i]f, after a hearing, ... the judicial officer finds that no condition or conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e).

The defendants are charged with an offense for which the maximum term of imprisonment exceeds ten years under the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. Consequently, there exists under 18 U.S.C. § 3124(e)(2) and (f)(1) a rebuttable presumption that no conditions or combination

---

1. Defendant Robert Snyder is married to his co-defendant Christal Snyder. He is excepted from the prohibition on co-defendant contact as to her.

of conditions will reasonably assure the defendants' appearance at trial and the safety of any other person and the community if the judicial officer finds there is probable cause to believe that the defendant has violated the above-mentioned statute. Based on the evidence presented at the hearing, the court finds that there is probable cause to believe that Snyder, Williams, and Venziale have committed offenses under the Controlled Substances Act for which the penalty exceeds ten years. Each faces up to forty years in prison and a $2,000,000 fine simply for the charge of conspiracy to distribute over 500 grams of heroin. See 21 U.S.C. § 841(b).

We must review the factors identified in § 3142(g) when deciding if the defendants have rebutted the presumption that no condition or combination of conditions will be sufficient. These factors include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an

>                    offense under Federal, State, or local
>                    law; and
>              (4) the nature and seriousness of the danger
>                    to any person in the community that would be
>                    posed by the person's release ...

18 U.S.C. § 3142(g).

## I.

Defendant Snyder, age twenty-nine, has served as a Philadelphia police officer for the past four years. He is charged with planning the theft and subsequent re-sale of 300 grams of heroin. According to the indictment and the government's motion, he served as the initial police contact with defendants Zachary Young and Angel Ortiz, known drug traffickers. He is alleged to have had several in-person meetings, as well as multiple telephone conversations, with the other defendants in order to plan the robbery by defendants Williams and Venziale of the heroin supplied to Ortiz by defendant Miguel Santiago. Snyder is also alleged to have run without authorization a police department computer check to confirm the identity of their supposed co-conspirator, an undercover law enforcement officer. According to the government, Snyder expected payment in return for these actions. In addition to conspiracy, the indictment charges Snyder with the knowing and intentional use of a communication facility in facilitating the conspiracy to distribute heroin.

The government has proffered that it has audio recordings and video surveillance of numerous recordings of face to face meetings and telephone conversations involving these

defendants, including a telephone wire tap of Snyder.  The
government has described the weight of the evidence against
Snyder as "overwhelming."  These charges are extremely serious.
The conspiracy charge, we reiterate, carries a mandatory minimum
sentence of 5 years' imprisonment and a statutory maximum of 40
years.  The charges against him as a whole carry a statutory
maximum of 44 years.

The government, as noted above, maintains that Snyder
is both a flight risk and a danger to the community based on the
severity of the charges he is facing.  Specifically, it argues
that Snyder has shown such disregard for the law and his oath as
an officer that he cannot be trusted to abide by any conditions
of confinement that the court may impose.  Snyder counters that
he has rebutted the statutory presumption and that the conditions
imposed by Magistrate Judge Sitarski are sufficient to assure
compliance with the Bail Reform Act.

Snyder has been a Philadelphia police officer for the
past four years.  He has no prior criminal history.  He has
strong family ties to the Philadelphia community and no history
of travel outside of this area.  His wife, who is a co-defendant,
is currently pregnant, and they have two young children.  His
mother-in-law has pledged her home in Philadelphia as collateral
for his and his wife's bail.  If released, Snyder and his wife
will reside at his mother-in-law's home, which will be equipped

with a land line for the purposes of electronic monitoring.[2] He has no passport, and his economic means are now quite limited.

Snyder has been suspended by the Philadelphia Police Department pending termination. He no longer has a weapon, badge, or uniform and thus cannot abuse his position as a police officer. It would be virtually impossible for him to resume any illegal drug activity in light of the publicity surrounding his indictment and arrest.

Based upon the evidence presented at the hearing, we find that Snyder has rebutted the presumption of flight and of danger to the safety of any other person and the community if appropriate conditions of release are imposed. We will deny the motion of the government and will affirm the July 16, 2010 order of the Magistrate Judge with one significant modification. The Magistrate Judge permitted him to leave his home from 10:00 a.m. to 5:00 p.m. We will require Snyder to remain at 8742 Marsden Street in Philadelphia with electronic monitoring at all times with permission to leave for meetings with his counsel, and for medical appointments and religious services, with prior approval by his Pretrial Services Officer. By confining Snyder to his mother-in-law's home, the court can be assured that Snyder will not be able to mingle with the community at large and will not be able to resume his employment at the Philadelphia Police

---

2. The Magistrate Judge's order compels Snyder to reside and submit to electronic monitoring at 8121 Rowland Street, Apt. 2, Philadelphia, PA. Based on statements made at the hearing, we believe this to be an error.

Department in any capacity whatsoever while this case is being resolved. This modification, in our view, will reasonably assure his appearance at trial as required and the safety of other persons and the community.

II.

Defendant Williams, age twenty-six, has served as a Philadelphia police officer for the past seven years. He, like Snyder, is charged with the conspiracy under the Controlled Substances Act, 21 U.S.C. § 841(a)(1), (b)(1)(B). According to the indictment, Williams met with defendant Angel Ortiz and a supposed co-conspirator, an undercover law enforcement officer, on multiple occasions to plan the theft of the heroin supplied to Ortiz by defendant Miguel Santiago. He is accused of surreptitiously obtaining the license number of the undercover law enforcement officer's vehicle to provide to Snyder for the purposes of improperly running a police background check. Williams, with his partner Venziale, also allegedly conducted an illegal traffic stop of the vehicle driven by the undercover officer and Ortiz while on duty and in Philadelphia Police Department uniforms. During this stop, Williams placed Ortiz in handcuffs and put him in their marked patrol car while allowing the undercover officer to drive away in possession of approximately 299 grams of heroin. Williams later released Ortiz. According to the government, Williams split a $6,000 payment with Venziale for these actions. In addition to conspiracy, the indictment charges Williams with the distribution

of approximately 299 grams of heroin and knowing and intentional use of a communication facility in facilitating the conspiracy to distribute heroin.

The government has proffered that it has evidence against Williams comparable to the vast amount of evidence against Snyder, including voluminous audio and video recordings and photographs of multiple in-person meetings. The charges against Williams are also extremely serious. The conspiracy charge carries a mandatory minimum sentence of 5 years' imprisonment and a statutory maximum of 40 years. His charges as a whole carry a statutory maximum of 84 years.

As with Snyder, the government maintains that Williams is both a flight risk and a danger to the community based on the severity of the charges he is facing. Specifically, it argues that Williams presents a greater threat to the safety of the community based on his abuse of position as a police officer on several occasions. The government has proffered that there are three ongoing Police Department investigations into Williams's use of violence: one charge of excessive force during a lawful arrest, one charge of assault on Venziale's sister's boyfriend, and one charge of serious domestic violence against his girlfriend with whom he has a child.

Williams asserts that the conditions imposed by the Magistrate Judge would be sufficient to secure his appearance at trial and protect other persons and the community. He also disputes the allegations of other violent acts, which have not

yet been proven in any forum.  His girlfriend, whom he is accused of choking, has reconciled with Williams and appeared at the hearing before the court to show her support for him.

Williams, a police officer for the past seven years, has no prior criminal history.  He is a lifelong resident of Philadelphia, where he has three young children and a large extended family.  If released, Williams will move into his parents' Philadelphia home pending trial, which is equipped with a land line for the purposes of electronic monitoring.  He has minimal experience with foreign travel and has surrendered his passport.  His parents' home has been posted as bail collateral.

Williams has been suspended by the Philadelphia Police Department pending termination.  He no longer possesses a weapon, badge, or uniform and would not be in a position resume any illegal drug or other criminal activity in light of the publicity surrounding his indictment and arrest.  If confined to his home, Williams will have no opportunity to interact with the public, engage in violence under coverage of his badge, or seek out interaction with his girlfriend if she believes him to be a physical threat to her.

Based upon the evidence presented at the hearing, we find that Williams has rebutted the presumption of flight and danger to the safety of any other person and the community if appropriate conditions of release are imposed.  We will deny the motion of the government and will affirm the July 16, 2010 order of the Magistrate Judge with one significant modification.  The

Magistrate Judge permitted him to leave his home from 10:00 a.m. to 5:00 p.m.  We will require Williams to remain at his parents' home at 1445 McKinley Street in Philadelphia with electronic monitoring at all times, with permission to leave for meetings with his counsel, and for medical appointments and religious services, with the prior approval of his Pretrial Services Officer.  By confining Williams to his parents' home, the court can be assured that Williams will not be able to mingle with the community at large and will not be able to resume employment at the Philadelphia Police Department in any capacity whatsoever while this matter is still pending.  This modification in our view will reasonably assure his appearance at trial as required and the safety of other persons and the community.

III.

Defendant Venziale, age thirty-one, is a ten-year veteran of the Philadelphia Police Department.  As with Williams and Snyder, Venziale is charged with the conspiracy to steal and sell over 500 grams of heroin.  According to the indictment, Venziale also met with Ortiz on multiple occasions to plan the theft of the heroin.  Along with Williams, Venziale allegedly conducted the illegal traffic stop of the vehicle which resulted in the undercover officer driving away in possession of approximately 299 grams of heroin and the release of Ortiz.  According to the government, he and Williams divided $6,000 for these actions.  In addition to conspiracy, the indictment charges Venziale with the distribution of approximately 299 grams of

heroin and knowing and intentional use of a communication facility in facilitating the conspiracy to distribute heroin.

The government has proffered that it has equally significant evidence against Venziale, including audio and video recordings and photographs of multiple in-person meetings. The charges against Venziale are extremely serious. The conspiracy charge carries a mandatory minimum sentence of 5 years' imprisonment and a statutory maximum of 40 years. Venziale's charges as a whole carry a statutory maximum of 84 years.

As with the other defendants, the government maintains that Venziale is both a flight risk and a danger to the community based on the severity of the charges he is facing and prior abuse of his position as a police officer. This prior abuse includes requesting that Williams physically intervene in the altercation between Venziale's sister and her boyfriend. Venziale asserts that he has adequately rebutted the statutory presumption and that the conditions imposed by the Magistrate Judge would be sufficient to secure his appearance at trial and protect other persons and the community.

During his service as a police officer, Venziale earned multiple commendations for valor. He has no criminal history. His wife and he reside in Philadelphia with their two children and have established ties to this City. They have offered to post their home as collateral for bail, although they have insufficient equity in it to do so. Instead, if released, Venziale's in-laws will offer their Philadelphia home, which is

unencumbered by a mortgage, as collateral for bail.  Venziale has no passport and limited experience with travel outside of the area.

The Philadelphia Police Department, as it has done with Snyder and Williams, suspended Venziale pending termination.  Without a weapon, badge, or uniform, Venziale will not be in a position resume any illegal drug or other criminal activity in light of the publicity surrounding his indictment and arrest.  He also will not be able to use his position as a police officer to threaten or intimidate any other persons.

Based upon the evidence presented at the hearing, we find that Venziale has rebutted the presumption of flight and danger to the safety of any other person and the community if appropriate conditions of release are imposed.  We will deny the motion of the government and will affirm the July 16, 2010 order of the Magistrate Judge with one significant modification.  The Magistrate Judge permitted him to leave his home from 10:00 a.m. to 5:00 p.m.  We will require Venziale to remain at his home at 2931 Normandy Drive in Philadelphia with electronic monitoring at all times with permission to leave for meetings with his counsel, and for medical appointments and religious services, with the prior approval of his Pretrial Services Officer.  By confining Venziale to his home, the court can be assured that he will not be able to mingle with the community at large and will not be able to resume employment at the Philadelphia Police Department in any capacity whatsoever while this case is being determined.

This modification in our view will reasonably assure his appearance at trial as required and the safety of other persons and the community.